Debtor(s):     **Michael Louis Litters**                      Case Number:   21-20275

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

**Part 1:** Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☐ Included | ☑ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☑ Included | ☐ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

**Part 2:** Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments for a total of 60 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** **$200.00 per month for 6 months, $1,425.00 per month for 54 months**
  $         per         for         months.
  $         per         for         months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
  $_____ per _____ for _____ months, and
  $_____ per _____ for _____ months.

| Debtor(s): | Michael Louis Litters | Case Number: | 21-20275 |
|---|---|---|---|

$_____ per _____ for _____ months.

**Check one:** The applicable commitment period is: 
- 36 months (Below Median Income) ☐
- 60 months (Above Median Income) ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

| 2021 2022 2023 |
|---|

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☐ **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

☑ Debtor(s) pledge 50 percent (or until all allowed unsecured claims are paid in full) of the net recovery from all causes of action, liquidated or unliquidated, unless otherwise ordered by the Court after a notice and a hearing. In all cases in which the debtor has acquired/acquires a pre-petition or post-petition cause of action, the employment and compensation of special counsel, and the compromise of any claim, shall be approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 327-329, and the filing of such pleading shall be noticed on all parties.

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, including the sale of property, as specified below. Describe the source, amount, and date of each anticipated payment.

**Debtor's non filing spouse has a substantial personal injury claim which is expected to result in a settlement within 6 months of the date of the bankruptcy filing. Debtor also has a personal injury claim arising from the same accident which is a smaller claim**

**Although this PI claim is her separate property under Louisiana law, She pledges her interest in this suit toward paying community creditors by her signature below**

**Part 3:** **Treatment of Secured Claims**

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Pre-Petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| **SN Services** | **1155 Lucius Dr. Deridder, LA 70634 Beauregard County** | $451.00 | $35,000.00 | April 2022 |

| Debtor(s): | Michael Louis Litters | | Case Number: | 21-20275 |

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) Disbursed by:<br>☑ Trustee<br>☐ Debtor(s)<br>☐ Third party – Name & Relationship to Debtor(s) | Pre-Petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| | | | | |

☑ The trustee shall pay post-petition default payments for mortgage payments in the following amounts and coming due during the months itemized.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Specified Months for Default | Post Petition total Unpaid |
|---|---|---|---|---|
| **SN Services** | 1155 Lucas | | October, November and December of 2021 and January, February and March of 2022 | 2,706.00 |

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one*.

☑     **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

| Debtor(s): | Michael Louis Litters | Case Number: | 21-20275 |
|---|---|---|---|

Counsel elects the standing order "no look" fee  ☑ Yes  ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ **4,250.00** of which $ **4,092.90** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0.00** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3  Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

**4.4  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### Part 5: Treatment of Non-priority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $**319.00**, it is anticipated unsecured creditors will be paid approximately $**319.00**, which is approximately **100.00** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**4,744.41**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Other separately classified nonpriority unsecured claims.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1  The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

### Part 8: Other Plan Provisions

**8.1  Adequate Protection Payments:**

| Debtor(s): | Michael Louis Litters | Case Number: | 21-20275 |

**Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.**

| Creditor | Adequate Protection Payment |
|---|---|
| -NONE- | |

**8.2 Changed Circumstances.**

**Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.**

**Part 9:  Nonstandard Plan Provisions**

1) Supplement to Paragraph 3.2 - To the extent that a Proof of Claim reflects a secured value less than the secured claim provided in this plan, the Trustee will pay the lesser secured value as stated in the Proof of Claim.
2) Supplement to Paragraph 3.2 - To the extent that this plan proposes treating a claim as secured and the creditor files an unsecured proof of claim, the proof of claim shall control and the claim will be treated as unsecured.
3) Supplement to Paragraph 3 .3 - To the extent that a Proof of Claim is filed for an amount less than the amount provided for in Paragraph 3.3 of the plan, the Trustee shall pay the lesser amount contained in the Proof of Claim.
4) Supplement to paragraph 4.4 -To the extent that a Proof of Claim is filed for an amount less than the amount provided for in Paragraph 4.4 of the plan, the Trustee shall pay the lesser amount contained in the Proof of Claim.
5) Trustee shall stop paying interest on secured debt paid through the plan at such time as those claims are paid as evidenced by Cht13 Net.
6) Secured Creditors shall retain any lien securing its claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328

Non-filing spouse Tomica Litters, by her signature below, pledges her interest along with her husband's interest in their vehicle accident claim to the bankruptcy estate for payment to creditors.

**Part 10:  Signatures**

| /s/ Wade N. Kelly | Date: | September 20, 2021 |
|---|---|---|
| **Wade N. Kelly** | | |
| Signature of Attorney for Debtor(s) | | |

| /s/ Michael Louis Litters | Date: | September 20, 2021 |
|---|---|---|
| **Michael Louis Litters** | | |
| Debtor | | |

| /s/ Tomica Litters | Date: | September 20, 2021 |
|---|---|---|
| **Tomica Litters, non-filing spouse** | | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**